IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 28 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| SHANITA LASHUN MOSS, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:12-CV-398-A |
| § | (NO. 4:10-CR-034-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Shanita Lashun Moss ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, and applicable legal authorities, the court concludes that none of the grounds has merit and the motion should be denied.

I.

Background

Movant pleaded guilty to two counts of identity theft, in violation of 18 U.S.C. § 1029(a)(2). She was sentenced to 115 months imprisonment and three years of supervised release, and was ordered to pay $324,164.90 in restitution. Her conviction was affirmed by the Fifth Circuit, United States v. Moss, 430 Fed. App'x 338 (2011). She did not seek certiorari, and timely

filed her section 2255 motion on June 13, 2012.

II.

Grounds of the Motion

In her motion, movant asserts three grounds for relief: (1) that the court improperly applied a four-level increase for her leadership role; (2) that movant was improperly held accountable for certain monies; and (3) that her criminal history category was incorrectly calculated. In a subsequent motion filed by movant, entitled "Petitioner's Motion to Supplement her 28 U.S.C. § 2255 Habeas Corpus Petition in Light of the Recent Supreme Court Ruling in Carachuri-Rosendo v. Holder Made United States v. Simmons Retroactive," movant provides an additional ground, which the court also addresses in this order and opinion. In such ground, movant asserts that she "was enhanced improperly at sentencing due to her eleven prior State criminal convictions in error by the district court, in light of Simmons." Mot. to Supplement, at 1.

III.

Analysis

A.  Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. <u>Standard Applied to Movant's Claims</u>

Applying the section 2255 standard to movant's claims, it is clear that she is not entitled to any relief. Movant first

argues that because she "NEVER recruited anyone or organized any crime," she should not have received an increase in sentence for a leadership role. Mot. at 5. The Fifth Circuit directly addressed this issue on appeal and affirmed the court's decision, which movant admits in her motion. Moss, 430 Fed. App'x at 339; Mot. at 5. As she already raised this issue on direct appeal, she is barred from pursuing in her section 2255 motion.

Movant's second ground, that she should not have been held accountable for "some of" the money attributed to her, also must fail. The government correctly points out that, whether movant is challenging the sentencing calculation or the court's restitution order, movant's claim is not cognizable in a section 2255 motion. If she is challenging the loss calculation used in determining her guideline range, such a challenge fails. United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994). If she is contending that the restitution order was in error, such claim is not cognizable in a section 2255 motion. See United States v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999) ("[W]e make it plain today that complaints concerning restitution may not be addressed in § 2255 proceedings.").

Movant's third and fourth grounds may be addressed together, as both relate to movant's criminal history score used in determining her sentence. In her third ground, movant claims that her criminal history category should have been lower, but

provides no explanation. In her fourth, supplemental, ground, movant contends that, in light of <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2011), and <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), that she was "enhanced improperly" due to the weight given to her eleven previous state court convictions. Mot. to Supplement, at 2. Neither ground is cognizable in this action, as movant is barred from seeking collateral review of the court's application of sentencing guidelines, and, further, neither <u>Carachuri-Rosendo</u> nor <u>Simmons</u> offers support for movant's arguments.

IV.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Shanita Lashun Moss to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED September 28, 2012.

_____
JOHN McBRYDE
United States District Judge